IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN CRUZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-197 |
| | § | |
| TRANSWORLD SYSTEMS, INC. | § | |
| d/b/a CREDIT MANAGEMENT | § | |
| SERVICES, | § | |
|     Defendant. | § | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS FEES

Before the court is the Plaintiff's "Motion for Attorneys Fees" (de # 15) and a Response (de # 20) and Reply (de # 21) thereto. Having considered the Motion, the arguments presented by the parties and the relevant legal principles, the court is of the opinion that the Motion should be GRANTED IN PART and DENIED IN PART.

Karen Cruz filed this lawsuit against Transworld Systems, alleging violations of the Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. On October 6, 2008, Cruz notified the court that she had accepted a Rule 68 offer of judgment from Transworld. The Rule 68 offer provided for Cruz to take $1,250 in settlement of all of her claims against Transworld. The offer also provided for "an additional amount for plaintiff's reasonable costs and attorney's fees accrued through the date of this Offer of Judgment." The offer provided that the parties would attempt to agree to an amount to be awarded for attorney's fees and that, should the parties be unable to do so, the dispute would be submitted to the court for resolution. The parties could not agree, and the instant Motion was filed. Cruz seeks an award of $5,452.50[1]

---

[1] Cruz's Motion concludes with a request for this amount. This dollar amount is actually $48.00 less than the total of the costs and fees discussed throughout the Motion. This discrepancy does not affect the court's analysis.

as her costs and reasonable attorney's fee. Transworld agrees to pay up to $3,473.00, objecting to the remainder as either excessive or outside of the accepted Rule 68 agreement.

"Courts apply general contract principles to interpret Rule 68 offers of judgment." *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 453 (5th Cir. 2003); *see Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008) (stating that the parties did not alter by contract the normal operation of Rule 68 which provides for costs accrued as of the date of the offer). The offer of judgment explicitly allows for reasonable attorney's fees accrued "*through the date*" of the offer to be paid by Transworld. Thus, only those attorney's fees generated as of October 6, 2008 are recoverable.

Three attorneys and one paralegal worked on this lawsuit on behalf of Cruz. The attorney in charge, Ms. Landgraf, billed 18.2 hours at $250 per hour. Ms. Landgraf billed 4.9 hours on or after October 7, 2008, leaving 13.3 of her billed hours as collectible under the offer of judgment. A partner in her firm billed .7 hours at $265 per hour, and an associate billed .9 hours at $175 per hour. The paralegal billed 1.3 hours at $125 per hour. The time spent by the latter three was all billed before October 6, 2008 and is thus collectible. Having reviewed the records submitted by Cruz, the court finds both the tasks completed and hourly rates billed to be reasonable.

The lodestar total for the collectible time billed is, therefore, $3,830.50. Having considered the *Johnson* factors, the court finds no need to adjust the attorney's fee. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). Cruz also seeks $397.50 in litigation costs and $47.50 in process server fees. The offer of judgment provides for inclusion of these items. Cruz may, therefore, recover $4,275.50 as "reasonable costs and attorney's fees" in accordance with the parties' agreement. Accordingly, the "Motion for Attorneys Fees" (de # 15) should be, and hereby

is, GRANTED IN PART and DENIED IN PART.

    IT IS SO ORDERED.

    **SIGNED this the 7th day of May, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE